IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSLYN CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: _____ |
| NEZHAT MEDICAL CENTER, P.C. ) | |
| and CEANA NEZHAT, M.D., ) | |
| ) | |
| Defendants. ) | JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Joslyn Clark, and files this lawsuit against Defendants Nezhat Medical Center, P.C. and Ceana Nezhat, M. D. (hereinafter collectively "Defendants"), and shows the following:

## I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants

(hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Nezhat Medical Center, P.C. is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 5555 Peachtree Dunwoody Road, Suite 276, Atlanta, Georgia 30342. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## III. Parties

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Defendant Nezhat Medical Center, P.C. may be served with process by delivering a copy of the summons and complaint to its registered agent, Ceana

Nezhat, 5555 Peachtree Dunwoody Road, Suite 276, Atlanta, Georgia 30342.

8.

Defendant Ceana Nezhat may be served with process by delivering a copy of the summons and complaint to his office address at 5555 Peachtree Dunwoody Road, Suite 276, Atlanta, Georgia 30342.

### IV. Factual Allegations

9.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

10.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

11.

Defendants employed the named Plaintiff during the relevant time period.

12.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

13.

Defendant Nezhat Medical Center, P.C. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Ceana Nezhat, M.D. is the CEO of Nezhat Medical Center, P.C.

15.

Defendant Nezhat had discretion over Plaintiff's working hours and overtime compensation.

16.

Defendant Nezhat acts both directly and indirectly in the interest of Nezhat Medical Center, P.C. and was in a supervisory position over Plaintiff.

17.

Nezhat Medical Center, P.C. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant Nezhat is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

19.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

20.

Plaintiff was hired as a Medical Assistant in January 2011.  She made $17 per hour and worked a regular 40 hour week during her first three months.

21.

Beginning in April 2011, Plaintiff estimates she worked an average of 7.5 hours per week of uncompensated overtime.  Her estimated working hours were: Monday through Thursday - 9:00am to 5:30pm and Friday - 8:30am to 3:30pm.  She rarely, if ever, took a lunch break.

22.

During her employment, Plaintiff was classified by Defendants as a non-exempt employee for purposes of the FLSA and earned $18 per hour.

23.

From April 2011 until July 2012, Plaintiff worked over forty (40) hours per week on a regular basis.

24.

During Plaintiff's employment with Defendant Nezhat Medical Center P.C., Plaintiff was not paid the correct overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week in a non-exempt position.

25.

Plaintiff worked approximately 47.5 hours per week from April 2011 through July 2012 when classified as non-exempt.

26.

Defendants failed to pay Plaintiff's overtime wages at one and one-half her hourly rate for the hours over forty (40) worked in a week.

27.

Plaintiff sent Defendant Nezhat an email on July 19, 2012 asking to be compensated for all hours worked moving forward and also asking how she might be compensated for the unpaid overtime hours she had accrued for the past 17 months. (See Exhibit A: July 2012 Email Correspondence)

28.

Defendant Nezhat replied on July 22, 2012 and terminated Plaintiff's employment in response to her complaint. (See Exhibit A: July 2012 Email Correspondence)

### V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

29.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

30.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### V. Retaliation in Violation of the Fair Labor Standards Act.

31.

Plaintiff engaged in an activity protected by the FLSA, suffered adverse action by Defendants subsequent to her protected activity, and a causal connection existed between Plaintiff's activity and Defendants' adverse action.

32.

Defendants, in terminating Plaintiff in response to Plaintiff's complaint about unpaid overtime, violated FLSA § 15(a), 29 U.S.C. § 215(a).

### VI. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216,

and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 8th day of October, 2012.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5201
Email: paul@sharman-law.com

Counsel for Plaintiff