## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into between Joslyn Clark ("Clark"), an individual, and Nezhat Medical Center, P.C. ("NMC") and Ceana Nezhat, M.D. ("Dr. Nezhat") (collectively referred to as "Defendants"), through their undersigned representatives, and is made in light of the following circumstances:

## RECITALS

The following recitals are not intended to be factual admissions, but are solely intended to be recitals.

WHEREAS, Clark is a former NMC employee who was terminated on or about July 22, 2012;

WHEREAS, on January 16, 2013, Clark filed a Complaint in the United States District Court for the Northern District of Georgia, *Joslyn Clark v. Nezhat Medical Center, P.C. and Ceana Nezhat, M.D.*, Civil Action File No. 1:12-CV-3506-SCJ, alleging wage and retaliation claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") (hereinafter the "Lawsuit");

WHEREAS, Defendants have denied, and continue to deny, any liability whatsoever to Clark under the FLSA, including those claims or theories alleged by Clark in her Lawsuit;

WHEREAS, the Parties hereto (Clark and Defendants may be referred to collectively as the "Parties"), without any admission of liability, are mutually desirous of settling with finality and releasing any and all FLSA claims which were asserted, or which could have been asserted, by Clark in her Lawsuit;

WHEREAS, Defendants, by entering into this Agreement, do not admit any fault or liability in any amount whatsoever to Clark.

THEREFORE, in consideration of the foregoing, and payment to Clark of the sum hereinafter described, and the covenants, promises, conditions, and agreements set out hereinafter, Clark and Defendants agree to the following:

**Exhibit 1**

2216991.1

1. **Release of FLSA Claims**: Clark, with full understanding of the contents and legal effect of this Agreement, hereby releases and forever discharges Defendants and their respective owners, parents, subsidiaries, divisions, related corporations, lessees and lessors, predecessors, directors, servants, officers, agents, employees, affiliates, successors and assigns (collectively referred to hereinafter as "Releasees") of and from any and all claims under the FLSA, known and unknown, which Clark now has or has ever had. Clark also expressly waives any right to damages or other legal or equitable relief awarded by any governmental agency or court relating to FLSA claims against Releasees based on events occurring prior to the effective date of this Agreement.

2. **Dismissal of Action:** Clark acknowledges and agrees that the Parties will submit this Agreement after execution for judicial approval by the Court and that, should the Court approve the Agreement, it will enter an Order approving the Agreement, finding the settlement fair and reasonable, and dismissing the Lawsuit with prejudice.

3. **Full and Final Release:** It is understood and agreed by Clark that this Agreement constitutes a full and final release covering all unknown, undisclosed and unanticipated losses, wrongs, injuries, debts, claims or damages to Clark which may have arisen, or may arise under the FLSA against Defendants prior to the date of execution of this Agreement.

4. **General Release:** For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Clark knowingly and voluntarily releases and forever discharges Defendants, their parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Clark has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Action of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;

2216991.1

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans With Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- the Georgia Equal Employment Code for Persons with Disabilities, O.C.G.A. § 34-6A-1, *et seq.*;
- the Georgia Minimum Wage Law, as amended, O.C.G.A. § 34-4-3;
- the Georgia Prohibition of Age Discrimination in Employment Act, O.C.G.A. § 34-1-20, *et seq.*;
- Equal Pay Law for Georgia, as amended;
- the City of Atlanta Anti-Discrimination Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses, including attorneys' fees incurred in these matters.

5. **No Known Additional Claims:** It is further understood and agreed that Clark and Defendants are currently unaware of any claim, right, demand, debt, action, obligation, liability, or cause of action arising under the FLSA that Clark may have against Defendants and/or any other officers, directors, agents, servants, or employees of Defendants, which has not been released by Clark in this Agreement.

6. **No Liability:** It is further understood and agreed that Defendants expressly deny any and all liability for any and all FLSA claims that Clark may have against Defendants. This Agreement is a compromise settlement of disputed claims, and neither this Agreement itself, nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of liability or responsibility for any wrongdoing of any kind.

2216991.1

7.  **No Filing Additional Actions**: Clark acknowledges and agrees that, at no time subsequent to the execution of this Agreement, will she file, maintain, cause, or knowingly permit the filing of an FLSA claim or action which Clark may now have, have ever had, or may in the future have for any act which transpired prior to the execution of this Agreement, against Defendants which is based in whole or in part on any matter released in Paragraph 1.

8.  **Confidentiality and Non-Disparagement**:  Clark agrees not to disclose or cause or allow to be disclosed any of the terms, conditions, amounts or other details of this Agreement, nor will she discuss, disclose, or cause to be disclosed the existence of this Agreement.  If asked informally by a third party about the litigation, Clark will respond "the matter has been resolved."  Clark further agrees that confidentiality shall apply as well to any discovery materials not filed in the public court file.  Provided, however, nothing shall preclude Clark from fully disclosing the terms of this Agreement:

      a.    As necessary to obtain legal or financial advice;

      b.    Pursuant to court order, provided Defendants are given as much advance notice of the order and disclosure as the circumstances permit;

      c.    To her accountants or other tax preparers;

      d.    Pursuant to an inquiry from the Internal Revenue Service or any other taxing authority;

      e.    To her attorneys; or

      f.    As otherwise required by law.

Clark may disclose the terms of this Agreement to her current spouse, if any, and to her accountant or tax preparer, but in the event she does so, the spouse, tax preparer, or accountant shall be instructed that this Agreement is confidential and that this Agreement, including its terms, may not be disclosed to any person for any reason.

2216991.1

Defendants may disclose any or all of the terms of this Agreement as their business needs dictate, including, but not limited to, disclosures to their officers, directors, employees, attorneys, and/or advisors, but only on a need to know basis.

Clark agrees that she will refrain from publicly or privately directing any disparaging or defamatory remarks toward or complaints about Defendants and/or any companies affiliated with Defendants, and/or their respective officers, management, employees, suppliers, and products, in their capacities as such. Clark understands and agrees that this restriction prohibits her from making disparaging or defamatory remarks toward or complaints about Defendants and/or any companies affiliated with Defendants, and/or their respective officers, management, employees, suppliers, or products in their capacities as such (1) to any member of the general public, including, but not limited to, any customer or supplier of Defendants and/or any companies affiliated with Defendants; (2) to any current or former officer, manager or employee of Defendants and/or any companies affiliated with Defendants; (3) to any member of the press or other media; (4) to any law firm; or, (5) on a voluntary basis, to any governmental agency, local, state or federal. Defendants agree that they will instruct their managers and supervisors to refrain from publicly or privately making any disparaging or defamatory remarks regarding Clark.

The Parties acknowledge and agree that nothing in Paragraph 8 precludes or prohibits either Clark or Defendants from discussing any claims not released by this Agreement with third parties, nor does it preclude or prohibit either Clark or Defendants from cooperating with any governmental investigation, participating in any legal action, or testifying in order to fully prosecute, in Clark's case, or defend, in Defendants' case, any claims not released by this Agreement.

9. **Payment:** As consideration for Clark's promises, covenants, and releases contained herein, Defendants agrees to pay Clark a total payment of Fifteen Thousand Dollars and 00/100 ($15,000.00), which amount will be paid out in 3 checks made payable as follows: (1) one check made payable to Joslyn Clark for the gross amount of Four Thousand Seven Hundred Sixty-Five Dollars and 00/100 ($4,765.00) subject to and less any applicable withholding required by law; (2) one check made payable to Joslyn Clark for the amount of Four Thousand Seven Hundred Sixty-Five Dollars and 00/100 ($4,765.00) for which Clark shall be issued a Form 1099 at the appropriate time; and, (3) one check made payable to Clark's attorneys of record, The Sharman Law Firm, LLC, for Five Thousand Four Hundred Seventy Dollars and 00/100 ($5,470.00) for which the firm shall be issued a Form 1099 at the appropriate time. Defendants agree to deliver said

2216991.1

checks within ten (10) business days of the entry of an Order by the Court approving the Agreement and dismissing the Lawsuit with prejudice. In light of the circumstances, the Parties stipulate that said payments are an appropriate apportionment of Clark's wage and retaliation claims under the FLSA, including claims for back pay and liquidated damages. Clark acknowledges that Defendants have made no representation, warranty, or guarantee with respect to whether the payment made to Clark pursuant to this Agreement or any portion thereof is or is not subject to levy or assessment by any governmental authority. Clark further acknowledges and agrees that she shall be solely responsible for the payment of any taxes and/or penalties that may be assessed by any taxing authority against her. Clark further agrees to indemnify Defendants for any liability that may be assessed against Defendants based on the apportionment of the payment described above, except for those taxes that Defendants are otherwise obligated to pay under the law.

10. **Attorneys' Fees:** Except as provided for in this Agreement, each of the Parties shall bear all attorneys' fees and litigation costs arising from the actions of its own counsel in connection with the Lawsuit, the negotiation and execution of this Agreement, the matters referred to herein, the filing of the Joint Motion for Judicial Approval of Settlement Agreement and its attachments, and all other related matters. Under no circumstance may any party hereto be responsible for the payment of any attorneys' fees or litigation costs of another party hereto.

11. **No Rehire or Reinstatement:** Clark agrees that she (a) will not be eligible for rehire by NMC; (b) will not apply for any position with NMC; and (c) hereby waives and releases any right to application for employment, re-employment or reinstatement with NMC, in any capacity.

12. **Authority to Execute Agreement:** Clark represents and warrants that no person other than herself had or has any claims to any interest in the subject matter of his Lawsuit against Defendants; that she has the sole right and exclusive authority to execute this Agreement; and that she has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

13. **Enforcement of Agreement:** The prevailing party in an action to enforce this Agreement may recover from the opposing party its reasonable attorneys' fees and costs.

14. **Merger:** The Parties agree that this Agreement constitutes the entire agreement and the only agreement between the Parties, and any representations or promises not contained herein shall not be binding upon or imputed to the Parties. The Parties further understand and agree that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever, except by a writing duly executed by Clark and Defendants, or their duly authorized representatives, and further acknowledge and agree that they will not make any claim that this Agreement has been orally altered or modified in any respect whatsoever. The Parties agree that this Agreement is the final embodiment of the agreement between them and shall supersede all prior written and oral agreements, understandings, and/or discussions by, between, or among the Parties relating to it or in any way connected with the subject matters of this Agreement.

15. **Non-assignability:** The Parties agree that this Agreement shall not be assignable or transferable by Clark, but shall be freely assignable or transferable by Defendants.

16. **Effect of Court's Rejection of Agreement:** The Parties agree that in the event the Court declines to approve this Agreement, the terms, conditions, and provisions contained herein are null, void, and without any legal effect.

17. **Severability:** The Parties further agree that in the event any one or more of the provisions of this Agreement shall be or become invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not be affected thereby.

18. **Successors:** The Parties agree this Agreement shall inure to the benefit of and be binding upon the respective Parties to this Agreement, their successors, trustees, representatives, heirs, administrators, and executors forever.

19. **Construction:** The Parties agree that this Agreement shall be construed and governed by the laws of the State of Georgia.

20. **Headings:** The headings for each paragraph are for convenience only and shall not be utilized in construing the meaning or intent of any of the terms of this Agreement.

21. **ACKNOWLEDGEMENT: CLARK REPRESENTS AND ACKNOWLEDGES THAT SHE HAS BEEN INSTRUCTED IN WRITING TO CONSULT WITH AN ATTORNEY REGARDING THIS AGREEMENT,**

2216991.1

THAT CLARK HAS HAD AN OPPORTUNITY TO HAVE HER ATTORNEY REVIEW THIS AGREEMENT PRIOR TO ITS EXECUTION, AND THAT CLARK HAS BEEN PROVIDED WITH A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT. CLARK FURTHER ACKNOWLEDGES THAT SHE HAS HAD AN OPPORTUNITY TO REVIEW THE JOINT MOTION FOR JUDICIAL APPROVAL OF SETTLEMENT AGREEMENT AND THE DOCUMENTS TO BE SUBMITTED THEREWITH.

CLARK REPRESENTS AND ACKNOWLEDGES THAT SHE HAS READ THIS AGREEMENT IN ITS ENTIRETY, FULLY UNDERSTANDS ITS CONTENT AND EFFECT, AND WITHOUT DURESS OR COERCION, KNOWINGLY AND VOLUNTARILY AGREES TO ITS TERMS AND CONDITIONS. CLARK FURTHER ACKNOWLEDGES AND REPRESENTS THAT THE CONSIDERATION PROVIDED IN EXCHANGE FOR THIS AGREEMENT AS DESCRIBED ABOVE IN PARAGRAPH 9 IS OF VALUE TO HER AND IS NOT ANYTHING TO WHICH SHE IS ALREADY ENTITLED.

JOSLYN CLARK

*/s/ Joslyn Clark*
JOSLYN CLARK

Date: 3/22/13

NEZHAT MEDICAL CENTER, P.C.

By: */s/ Ceana Nezhat*

Title: M-D / owner.

Date: 4/2, 2013

CEANA NEZHAT, M.D.

*/s/ Ceana Nezhat*
CEANA NEZHAT, M.D.

Date: 4/2, 2013

2216991.1